### In re PAIGE.

(District Court, N. D. Ohio, E. D. November 22, 1899.)

INVOLUNTARY BANKRUPTCY—PLEADING—ALLEGATIONS OF ANSWER.

In the answer to a petition in involuntary bankruptcy, the respondent is not limited to the simple denial of insolvency contemplated by form No. 6. If the petition sets forth the debts alleged to be due by the respondent, the answer may contain detailed averments of defenses and counterclaims to such debts, showing the solvency of the respondent at the times alleged.

In Bankruptcy. On motion to strike out parts of an answer filed to a petition in involuntary bankruptcy.

Rowley & Bradley, for the motion.

RICKS, District Judge. This case now comes before the court upon the motion to strike out from the answer of Albert T. Paige such parts as are specified in the motion, to which reference is made for the ascertainment of the parts asked to be expunged. The forms and orders in bankruptcy prescribed by the supreme court of the United States indicate the form, in substance, of the answer to be filed by the alleged bankrupt. The law does not contemplate that the respondent shall be confined to that particular form, and set out in his answer only such facts as are suggested by the order. The petitioning creditor alleges that Albert T. Paige is a bankrupt, and sets out the nature and amount of the provable claim which he alleges makes the respondent a bankrupt. The respondent denies insolvency, but sets up, with great particularity, defenses and counterclaims which he alleges show him to have been solvent at the times charged, and when the act of bankruptcy was committed. This same defense, it is alleged, has been used to defend against a suit filed in the court of common pleas of Summit county, Ohio. I think the respondent is entitled to set forth these facts as fully as he has done. It is a matter of importance to him whether or not he is adjudged a bankrupt. It will affect his credit, and bring upon him other evils which follow such a final result in this proceeding. I think the motion to strike out must be disallowed.